■ LESTER ARCHIBALD, Appellant, v ASIA FIVE EIGHT, LLC, Doing Business as TAO, Respondent. [833 NYS2d 495]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.; so ordered by Jacqueline W. Silbermann, J.), entered December 7, 2006, which dismissed the complaint for failure to prosecute, unanimously affirmed, without costs.

Whether to grant an adjournment is a matter within the discretion of the trial court (see Matter of Steven B., 6 NY3d 888, 889 [2006]). Although there is no indication of delay by plaintiff in the litigation of this matter until the day of trial, it remains that neither plaintiff's counsel of record nor plaintiff's newly retained trial counsel provided the court or the defense with advance notice of plaintiff's purported inability to proceed to trial on the appointed date, and instead, submitted, on the day of the scheduled trial, an affidavit of engagement that admittedly contained misstatements of fact. Not only did plaintiff's counsel of record act contrary to the mandate of 22 NYCRR 202.31 by retaining outside trial counsel fewer than 10 days before the trial was to begin, but the attorney retained was clearly not prepared to try the matter on the scheduled date. In view of counsel's noncompliance with 22 NYCRR 202.31 and the trial attorney's false representations to the court, we cannot say that the trial court improvidently exercised its discretion in denying plaintiff an adjournment and, when plaintiff refused to proceed, dismissing the action for failure to prosecute.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sullivan, Sweeny, Malone and Kavanagh, JJ.